# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-463V
Filed: October 4, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JOHN HAAK, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Decision on Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*James R Kneisler Jr, Esq.*, Law Offices of James R. Kneisler, Jr, San Angelo, TX, for petitioner.
*Jennifer L. Reynaud, Esq*., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 2, 2014, John Haak, ("Mr. Haak" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Transverse Myelitis ("TM") as a result of receiving a Tetanus-Diphtheria-acellular Pertussis ("TDaP") vaccination on June 2, 2011. Petition, ECF No. 1. Respondent denied that the TDaP vaccine caused petitioner's alleged injuries. Stipulation at ¶ 6, filed March 15, 2017. Nevertheless, the parties agreed to settle the case. *See id*. On March 15, 2017, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulation. Decision, ECF No. 49.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 14, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. ECF No. 53. Petitioner requested attorneys' fees in the amount of $25,747.75, and $6,566.60 in costs, for a total amount of $32, 314.35. In accordance with General Order #9, petitioner's counsel represented that petitioner did not incur any personal costs in this case. ECF No. 54.

On August 24, 2017, respondent filed a response to petitioner's Motion for Fees that contained no specific objection to the amount requested or hours worked, but instead "respectfully recommend[ed] that the special master exercise her discretion and determine reasonable award for attorneys' fees and costs." ECF No. 55 at 3.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera*, 515 F.3d at 1349. Under this approach, an initial estimate of reasonable attorneys' fees is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

---

[3] This fee schedule is posted on the court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (*Hourly Rate Fee Schedule*).

2

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  Moreover, the "application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing.  *J.W. ex rel. Wilson v. Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).  Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen*, 102 Fed. Cl. at 729.

## II. Discussion

**A.    Reasonable Hourly Rates**

Petitioner seeks attorneys' fees for the work of three professionals: her attorney, James R. Kneisler, Jr., and two paralegals, David A. Godet and James R. Kneisler, III.  These professionals performed their work in San Angelo, Texas, and have been previously awarded local rates under the *Davis County* exception.  *See Bean-Sasser v. Sec'y of Health & Human Servs.*, No. 13-326V, 2017 WL 4385749  (Fed. Cl. Spec. Mstr. Sept. 8, 2017).

3

For the work performed by James R. Kneisler, Jr., petitioner requests $295 per hour. However, although "the burden is on the fee applicant" to show "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 895 n.11, very little information was provided to support the requested rate in this case. Petitioner's counsel does not indicate how this hourly rate was derived or provide any supporting authority, declaring that "no other law firms . . . practice litigation in the Vaccine Program in San Angelo." ECF No. 53, Ex. 1 at 2. Instead, petitioner's counsel asserts that his "review [of] the Fee Decisions posted on the Court's website . . . [led him] to conclude that the requested fees are in line with other practitioners of similar skill, experience and reputation." *Id.* As other special masters have found, this cursory assertion does not constitute "persuasive evidence to justify Mr. Kneisler's proposed hourly rate." *Bean-Sasser*, 2017 WL 4385749. The undersigned agrees with the hourly rate awarded in *Bean-Sasser* and accordingly finds that the rate for petitioner's counsel should be reduced to $240 per hour.

With respect to the requested rates for the paralegals—$100 per hour for Mr. Godet and $80 per hour for Mr. Kneisler, III—the undersigned finds that these rates are reasonable. Petitioner did provide some supportive authority for these rates. *See* ECF No. 53, Ex. 1 at 3 (citing *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473 (Fed. Cl. Spec. Mstr. Jan. 24, 2014)). And these rates are consistent with rates previously awarded in cases involving these two paralegals. *See Bean-Sasser*, 2017 WL 4385749.

### B.     Hours Reasonably Expended

Upon review of petitioner's application, the undersigned finds that a reduction is appropriate in this case.[4] Several of the hours billed fall into the category of being "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1522. For example, Mr. Kneisler, III consistently billed 1.0 hour each time he "filed" a document with the Court,[5] a task that should not have taken 60 minutes to complete. Likewise, Mr. Kneisler, Jr. and the paralegals charged for clerical work, which is not compensable at all.[6] Moreover, many of the tasks billed by Mr. Kneisler, Jr. and the paralegals are vague in description and do not provide any basis for determining their reasonableness.[7] For these reasons, the undersigned finds that the $5,024.00

---

[4] The following entries are not exhaustive; they merely provide a sampling.

[5] *See, e.g.*, ECF No. 53, Exs. 2-4 at 12 ("Filed Status Report"); *id.* ("Filed Status Report"); *id.* ("Filed Medical records w/ Court"); *id.* ("Filed Status Report"); *id.* at 13 ("Re-Filed Exhibit 8"); *id.* ("Filed Medical records"); *id.* ("Filed Status Report"); *id.* ("Filed Expert Report"); *id.* ("Filed Dr. Vanderzant's CV"). Mr. Kneisler, III also billed 1.20 hours for "Fil[ing] Medical references from Dr. Vanderzant." *Id.*

[6] *See, e.g.*, ECF No. 53, Exs. 2-4 at 6 ("Mailed payment to Expert"); *id.* at 7 ("Rcvd invoice for Dr. Vanderzant"); *id.* at 10 ("Burn and serve CD's"); *id.* ("Prepare and forward Paralegal Billable Hours").

[7] *See, e.g.*, ECF No. 53, Exs. 2-4 at 1 ("Email from Staff"); *id.* at 3 ("Meeting w/ Paralegal (JIII)"); *id.* at 6 ("Emails to Paralegal (JIII) + staff"); *id.* at 7 ("Meeting w/ Staff, Re: Gave instructions"); *id.* at 9 ("Letter to JRK with CD"); *id.* at 11 ("Meeting w/ JRK and staff"); *id.* ("Research"); *id.* at 12 ("Email to JRK").


charged by the paralegals should be reduced by 10%. Applying the hourly rate modification discussed above, 70.25 hours at $240 per hour for Mr. Kneisler (or $16,860.00) with the adjusted paralegal rate, 10% of $5,024.00 (or $4,521.60), renders a total of $21,381.60. Accordingly, $21,381.60 is awarded in attorneys' fees.

**C.      Reasonable Costs**

Petitioner requests a total amount of $6,566.60 in attorneys' costs. ECF No. 53, Ex. 5. The requested costs consist of the filing fee, shipping costs, medical record fees, and expert fees. The undersigned finds petitioner's requested costs to be reasonable.

### IV. Total Award Summary

Based on the foregoing, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs and awards **a lump sum of $27,948.20**,[8] representing reimbursement for attorneys' fees and costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, James R. Kneisler, Jr.** The clerk shall enter judgment accordingly.[9]

**IT IS SO ORDERED.**

<div style="text-align:right">

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

</div>

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.